IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACKIE PEEPLES, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 22-CV-4639-RBS |
| PORTFOLIO RECOVERY | : | |
| ASSOCIATES, LLC, | : | |
|     Defendant. | : | |

### MEMORANDUM

**SURRICK, J.**                                                                                                         **JANUARY 24, 2023**

Plaintiff Jackie Peeples initiated this civil action by filing a *pro se* Complaint[1] against Portfolio Recovery Associates, LLC ("Portfolio Recovery"). The Court understands the Complaint as asserting claims pursuant to the Fair Credit Reporting Act ("FCRA") and the Federal Trade Commission Act ("FTCA"). (ECF No. 2.) Peeples also seeks leave to proceed *in forma pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Peeples leave to proceed *in forma pauperis* and dismiss her Complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Peeples will be given an opportunity to cure the deficiencies identified by the Court on any claims dismissed without prejudice by filing an amended complaint.

### I.    FACTUAL ALLEGATIONS

The allegations in Peeples's Complaint are sparse and conclusory. Peeples alleges that she is a consumer who "sent a dispute letter on or about 2021 to Defendant[], a consumer

---

[1] Peeples failed to sign her Complaint in accordance with Federal Rule of Civil Procedure 11. Accordingly, the Court directed her to cure this deficiency by signing a Declaration, which she has since done. (ECF Nos. 4 & 5.)

reporting agency" disputing the "completeness and accuracy of a tradeline by Portfolio Recovery Associates, LLC, – account # COMEN-8097608284****[.]" (Compl. ¶ 6.) Peeples contends that Portfolio Recovery committed the following acts:

> (1) Defendant as an agency failed to update financial and credit reports; (2) failed to maintain the proper standards of giving credit report; (3) provided an inaccurate financial and credit information; (4) and committed actions, errors and poorly maintained files amounting to serious negligence in violation of federal laws, especially under 'FCRA'; (5) where such failure as a result affected Plaintiff that [s]he was unable to acquire favorable funding, having denied due to inaccurate credit file and information which caused or likely to have caused substantial injury.

(*Id.* ¶ 7.) Peeples also asserts that Portfolio Recovery "failed to . . . accurately gather, and report consumer information pursuant to the provisions of the Federal Credit Reporting Act" and "failed to maintain its responsibilities and uphold the standards stipulated under *Section 5 (a) of the Federal Trade Commission Act* . . . amounting to unfair practices and omissions that mislead or are likely to mislead the consumer herein Plaintiff." (*Id.* ¶¶ 9, 13.) (emphasis in original). Peeples claims to have suffered damages "for having been denied the opportunity to acquire funding due to inaccurate information" and seeks actual damages, statutory damages "for express violations of the regulatory and statutory requirements imposed, amounting to $110,000," and punitive damages "to punish Defendant as an agency [or] business . . . to further deter from violating the FCRA again" in the amount of $150,000. (*Id.* ¶¶ 23, 24.) Peeples submitted no attachments in support of the Complaint.

## II.  STANDARD OF REVIEW

The Court will grant Peeples leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Peeples's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Peeples is proceeding *pro se*, the Court construes the allegations of her Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'" *Id.*

### III.   DISCUSSION

####    A.   Claims Under the FCRA

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and

other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). Consequently, the FCRA places certain duties on those who furnish information to consumer reporting agencies, such as requiring furnishers to correct any information they later discover to be inaccurate. *Bibbs v. Trans Union LLC*, No. 21-1350, 2022 WL 3149216, at *3 (3d Cir. Aug. 8, 2022) (citing *SimmsParris*, 652 F.3d at 357; 15 U.S.C. § 1681s-2(a)(2)).

The FCRA provides for claims against both consumer reporting agencies and furnishers of credit information. To state a plausible claim under the FCRA against Portfolio Recovery as a furnisher of credit information,[2] Peeples must allege that she "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017) (*per curiam*); *see also* 15 U.S.C. §§ 1681s-2(b). If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017). The FCRA has several provisions that create liability for violations of the Act. *SimmsParris*, 652 F.3d at 358. However, "under the FCRA, 15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover

---

[2] Peeples has not stated a plausible claim against Portfolio Recovery under the provisions of the FCRA pertaining to consumer reporting agencies, because Portfolio Recovery is not a consumer reporting agency.

damages caused by a furnisher of information." *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (internal quotations omitted).

Even liberally construing the Complaint, Peeples has not stated a claim against Portfolio Recovery as a furnisher of information to a consumer reporting agency. Peeples alleges that she sent a dispute letter to Portfolio Recovery sometime in 2021. (Compl. at 3.) There are, however, no allegations that she disputed any inaccurate information with any of the consumer reporting agencies. She does not allege that Portfolio Recovery furnished inaccurate information to a consumer reporting agency, that she notified the consumer reporting agency of that inaccurate information, or that Portfolio Recovery failed to correct the inaccurate information after receiving notice from the consumer reporting agency. *See SimmsParris*, 652 F.3d at 358 (explaining that the notice "must be given by a credit reporting agency, and cannot come directly from the consumer"); *see also Harris,* 696 F. App'x at 91 ("A consumer may certainly notify a furnisher/creditor directly about his dispute but there is no private cause of action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute.").

In other words, Peeples has not identified the allegedly incorrect information in her credit history, clearly explained why the information was incorrect, or alleged any facts about when and how she disputed that information with the consumer reporting agencies. *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. Nov. 8, 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"). Accordingly, Peeples's Complaint fails to allege a plausible claim for relief at this time. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Berkery v. Verizon Commc'ns Inc*, 658 F. App'x 172, 175 (3d Cir. 2016) (*per curiam*) (affirming dismissal of FCRA claim against furnisher that was based on conclusory allegations); *Anyaegbunam v. ARS Account Resolution, LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims).

### B. Claims Under the FTCA

Peeples also asserts claims pursuant to the Federal Trade Commission Act. This claim is not plausible because Congress has provided that only the Federal Trade Commission has the authority to enforce the FTCA. *See* 15 U.S.C. § 57b (providing that if any person "violates any rule under this subchapter respecting unfair or deceptive acts or practices . . . then the Commission may commence a civil action against such person. . . ."). Several Courts of Appeals have held that there is no private cause of action under this statute. *See Am. Airlines v. Christensen*, 967 F.2d 410 (10th Cir. 1992); *Fulton v. Hecht*, 580 F.2d 1243 (5th Cir. 1978); *Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232 (2d Cir. 1974); *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986 (D.C. Cir. 1973); *Carlson v. Coca-Cola Co.*, 483 F.2d 279 (9th Cir. 1973).[3] Accordingly, any claims brought by Peeples pursuant to the FTCA will be dismissed with prejudice.

---

[3] This Court has also held that the FTCA does not provide a private right of action. *See, e.g., Pressley v. Exeter Fin. Corp*, No. 21-3641, 2022 WL 2905235, at *3 (E.D. Pa. July 22, 2022); *Taggart v. GMAC Mortg., LLC*, No. 12-415, 2012 WL 5929000, at *6 (E.D. Pa. Nov. 26, 2012) ("[P]rivate parties are not authorized to file enforcement actions, only the FTC has that authority."); *Vino 100, LLC v. Smoke on the Water, LLC*, 864 F. Supp. 2d 269, 281 (E.D. Pa. 2012); *Mercy Health Sys. of Se. Pa. v. Metro. Partners Realty LLC*, No. 02-1015, 2002 WL 1774060, at *2 (E.D. Pa. July 29, 2002) (rejecting an implied private right of action under the

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Peeples leave to proceed *in forma pauperis* and dismiss her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Peeples's claims pursuant to the FTCA will be dismissed with prejudice. Because the Court cannot say at this time that Peeples can never state a plausible claim under the FCRA against Portfolio Recovery as a furnisher of credit information, the Court will grant Peeples leave to amend to "flesh out [her] allegations by . . . explaining in an amended complaint the 'who, what, where, when and why' of [her] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Any amended complaint should clearly describe the factual basis for any FCRA claims against Portfolio Recovery. An appropriate Order follows, which provides further instruction as to amendment.

                                         **BY THE COURT:**

                                         */s/ R. Barclay Surrick*
                                         **R. BARCLAY SURRICK, J.**

---

FTC's franchise disclosure rules, which were enacted pursuant to the FTCA); *Zhang v. Se. Fin. Grp., Inc.*, 980 F. Supp. 787, 796 (E.D. Pa. 1997).